IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **MELVIN TAYLOR,**<br><br>**Plaintiff,**<br><br>v.<br><br>**FAVOR MARKET, KYEMYUNG YANG AND JOHN DOES 1-2,**<br><br>**Defendants.** | CIVIL ACTION NO.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, through his attorneys, for his Complaint against Favor Market, Kyemyung Yang, and John Does 1-2 states as follows:

### JURISDICTION AND VENUE

1. This lawsuit arises under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA") for unpaid wages, unpaid overtime, and retaliation.

2. This Court has subject matter jurisdiction pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331, and 1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1), (b)(2), and (c) because Defendant Favor Market is a Georgia business operating in this district, and Defendants Kyemyung Yang, and John Does 1-2 are individuals

residing within this judicial district, and the events alleged in this complaint giving rise to Plaintiffs' claims occurred in this judicial district.

## PARTIES

4. Plaintiff is an individual residing within this judicial district. Until February 15, 2016, Plaintiff was an "employee" of Favor Market within the meaning of 29 U.S.C. § 203(e).

5. At all material times, Defendant FAVOR MARKET has operated a store in Marietta, Georgia.

6. At all material times, Defendant KYEMYUNG YANG has owned and/or operated Favor Market in Marietta, Georgia.

7. At all material times, Defendants John Doe 1-2 have owned and/or operated Favor Market in Marietta, Georgia.

8. At all material times, Favor Market has been engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A), and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

9. From approximately April 15, 2013 through approximately February 15, 2016, Plaintiff worked for Defendant 46 hours per week as a stock boy.

10. Until November 15, 2014, Defendants paid Plaintiff $210 per week for his work.

11. Plaintiff was never paid overtime.

12. At times, Plaintiff would request full compensation for his work, but he was told that $210 was all that he would receive for his work.

13. In November 2014, Defendant no longer had a license to sell alcohol.

14. After November 2014, Plaintiff was paid $90 per week.

15. From the period November 15, 2014 to February 15, 2016, Plaintiff continued to work 46 hours per week.

## COUNT I - UNPAID WAGES UNDER THE FLSA

16. Plaintiffs incorporate by reference paragraphs 1 – 15 as though fully set forth herein.

17. At all material times Defendant was covered by the minimum wage provisions of the FLSA, including 29 U.S.C. § 206.

18. At all material times Plaintiff was covered by and entitled to the rights, protections and benefits provided by the FLSA, including the rights set forth in section 6(a) of the FLSA, 29 U.S.C. § 206(a).

19. During the course of Plaintiff's employment, Defendant violated the FLSA, and in particular 29 U.S.C. § 206, by failing and refusing to pay a wage at a rate of not less than $7.25 per hour.

20. By paying Plaintiff his a salary of $210 and then $90 per week, despite Plaintiff's requests for legal payments, Defendants acted in knowing violation and/or reckless disregard as to whether their conduct was prohibited by the FLSA. The violations by Defendants of the FLSA alleged herein were therefore "willful" within the meaning of 29 U.S.C. § 255(a).

21. For the period of April 15, 2013 through November 15, 2014, Plaintiff is owed a total of at least 40 hours × $7.25 = $290 - $210 = $80.00 × 82 weeks = $6,560.00 in unpaid minimum wages.

22. For the Period of November 15, 2014 through February 16, 2015, Plaintiff is owed a total of at least 40 hours × $7.25 = $290 - $90 = $200.00 × 65 weeks = $13,000.00 in unpaid minimum wages.

## COUNT II - UNPAID OVERTIME UNDER THE FLSA

23. Plaintiffs incorporate by reference paragraphs 1 – 22 as though fully set forth herein.

24. At all material times Defendant was covered by the overtime provisions of FLSA, including 29 U.S.C. § 207.

25. At all material times Plaintiff was covered by and entitled to the rights, protections and benefits provided by the FLSA, including the rights set forth in section 7(a) of the FLSA, 29 U.S.C. § 207(a) .

26. Defendants violated the FLSA, and in particular 29 U.S.C. § 207, by failing and refusing to pay Plaintiff overtime pay for a workweek lasting longer than 40 hours.

27. For the period of April 15, 2013 through February 15, 2016, Plaintiff is owed a total of at least 148 weeks × 6 hours × $10.875 = $9,657.00 in unpaid overtime wages.

## COUNT III -RETALIATION UNDER THE FLSA

28. Plaintiffs incorporate by reference paragraphs 1 – 27 as though fully set forth herein.

29. At all relevant times, Defendants were covered by the anti-retaliation provisions of the FLSA, 29 U.S.C.A. § 215(a)(3).

30. Defendants violated the FLSA, and in particular 29 U.S.C. § 215(a)(3), by discharging Plaintiff in retaliation for his complaints and/or knowingly allowing him to be discharged in retaliation for these complaints.

31. As a result of his unlawful discharge, Plaintiff has suffered lost wages since November 15, 2015. To date, that amount is $4,719.75.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

A. Award Plaintiff his unpaid minimum wages under 29 U.S.C. § 206;

B. Award Plaintiff his unpaid overtime wages under 29 U.S.C. § 207;

C. Award Plaintiff an amount equal to his unpaid federal minimum wages as liquidated damages pursuant to 29 U.S.C. § 216(b);

D. Award Plaintiff an amount equal to his lost wages since November 15, 2015 as punitive damages pursuant to 29 U.S.C.A. § 216;

E. Enter an order permanently enjoining and restraining Defendants from violating the provisions of the FLSA;

F. Award Plaintiff his attorneys' fees and costs in this action; and

G. Grant Plaintiff such other relief as this Court deems just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

This 26th day of July, 2016.

           Respectfully submitted,

           **SMITH, WELCH, WEB & WHITE, LLC**
           By: **s/Orion G. Webb**
           ORION G. WEBB
           Georgia Bar No. 479611
           MIRANDA N. HANLEY
           Georgia Bar No. 4512742
           280 Country Club Drive

Suite 300
Stockbridge, Georgia 30281
T. (770) 957-3937
F. (770) 957-9165
owebb@smithwelchlaw.com
mhanley@smithwelchlaw.com

**Attorneys for Plaintiff**

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1

Plaintiff's counsel hereby certifies that this pleading has been prepared with one of the font and point selections approved by the Court in L.R. 5.1.

**SMITH, WELCH, WEBB & WHITE, LLC**

**/s/ Orion G. Webb**
ORION G. WEBB
Georgia State Bar No. 479611
MIRANDA N. HANLEY
Georgia Bar No. 4512742
280 Country Club Drive
Suite 300
Stockbridge, Georgia 30281